# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Sharon A. Hayes and Dennis J. Parrucci,**
**Plaintiffs Below, Petitioners**

vs) **No. 12-0285** (Monongalia County 09-C-606)

**Cheryl H. Ornick, in her Capacity as Trustee of the**
**Lloyd S. Handley Family Trust and as Executrix of the**
**Estate of Lloyd S. Handley, deceased, and William H.**
**McCartney, Jr., and Christine M. McCartney,**
**Defendants Below, Respondents**

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Sharon Hayes and Dennis Parrucci, by counsel William Leon, appeal the Circuit Court of Monongalia County's "Order Denying Plaintiffs' Motion to Alter or Amend Judgment or, in the Alternative, for a New Trial" entered on January 31, 2012. Respondent Cheryl Ornick, by counsel J. Douglas Crane, has filed a response. The McCartney Respondents, by counsel Andrew Fusco, have also filed a response, to which petitioners have filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

By letter dated June 17, 2009, Respondent Ornick offered to sell certain real property to Petitioner Hayes. On June 18, 2009, petitioners executed and delivered a "Real Estate Sale/Purchase Contract"[1] and an earnest money deposit to Respondent Ornick. On June 19, 2009, Respondent Ornick returned the contract and earnest money deposit to petitioners, unsigned, and indicated that she accepted another offer.[2] Petitioners filed a complaint seeking specific performance of a contract for the sale of real property. The circuit court denied cross motions for summary judgment. In doing so, the circuit court held that issues of material fact existed as to whether Respondent Ornick's letter was an offer, whether petitioners' response was an acceptance, and whether petitioners' response contained material variations.

Following the presentation of petitioners' case-in-chief, respondents moved for judgment as a matter of law, which the circuit court granted. The circuit court also found that Respondent

---

[1] The contract allegedly contained material changes to Respondent Ornick's offer.

[2] Respondent Ornick accepted the McCartney Respondents' offer.

Ornick's letter "for the purposes of the [d]efendants' motion, only . . . was considered an offer . . . ." The circuit court further held that:

> [p]laintiffs did not respond to [d]efendant Ornick's June 17, 2009 letter in a manner that constituted an acceptance of Ornick's offer. Rather, the [c]ourt finds that . . . the document prepared by [p]laintiffs, differed from Ornick's offer in material matters and respects and did not evidence a meeting of the minds between the parties. Rather, because of such material changes and additions and the language contained in [p]aragraph 14[3] . . . [the document] constituted a counteroffer that Ornick was free to accept or reject.

The circuit court also held that the McCartney Respondents submitted an offer,[4] which Respondent Ornick accepted and that Respondent Ornick "refused to accept the [p]laintiffs' counter-offer." On April 8, 2011, petitioners filed a motion pursuant to Rules 50 and 59 of the West Virginia Rules of Civil Procedure asking the circuit court to alter or amend its judgment as a matter of law order or, in the alternative, for a new trial. On January 9, 2012, the circuit court held a hearing on petitioners' motion. The circuit court found the petitioners' motion were not well founded. In support of its ruling, the circuit court stated it considered the motions, respondents' memoranda, and oral arguments.

Petitioners argue that the circuit court erred in granting respondents' motion for judgment as a matter of law because the circuit court violated the "law of the case" doctrine when it reversed its findings and conclusions made when it denied the parties' cross-motions for summary judgment. Petitioners argue the evidence at trial was in all meaningful respects indistinguishable from the evidence presented at the summary judgment stage and the McCartney Respondents failed to point out how the evidence varied.

The McCartney Respondents argue that petitioners failed to meet their burden of proof and that petitioners have failed to provide any case law that precludes a circuit court from granting judgment as a matter of law after it has denied summary judgment. The McCartney Respondents argue it is impossible for this Court to determine if the circuit court was presented with the same evidence because petitioners did not provide this Court with all the evidence that was before the circuit court during the summary judgment stage. Respondent Ornick argues the circuit court denied summary judgment because neither party had met their burden of proof and sought clarity on three issues, thus not establishing a "law" in the case. Respondent Ornick argues the circuit court exercised reasonable discretion in granting judgment as a matter of law

---

[3] Paragraph 14 states "**THIS OFFER TO PURCHASE IS NULL AND VOID IF NOT ACCEPTED BY FRIDAY, JUNE 19, 2009 AT 6:00 P.M. EST AS OBSERVED IN MORGANTOWN, WEST VIRGINIA ON THAT DATE. DELIVERY OF AN EXECUTED COPY OF THIS CONTRACT TO PURCHASERS AT 336 MULBERRY STREET ON OR BEFORE THE DATE AND TIME SET SHALL BE EVIDENCE OF ACCEPTANCE OF THE OFFER.**"

[4] The circuit court found that the McCartney Respondents' offer was submitted by their realtor and memorialized in a contract for sale signed by both parties.

because petitioners failed to meet their burden of proof in their case-in-chief and only one verdict was possible.

We have previously held that "[t]he standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). Because the underlying judgment was based on respondents' motions for judgment as a matter of law, we review petitioners' appeal under that standard.

This Court reviews appeals of circuit court orders made under Rule 50 of the West Virginia Rules of Civil Procedure under the following standard:

> "The appellate standard of review for the granting of a motion for a [judgment as a matter of law] pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is *de novo*. On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a [judgment as a matter of law] when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed." Syllabus Point 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996).

Syl. Pt. 5, *Smith v. First Cmty. Bancshares, Inc.*, 212 W.Va. 809, 575 S.E.2d 419 (2002). Rule 50(a)(1) of the West Virginia Rules of Civil Procedure states as follows:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

In the instant case, the circuit court denied cross-motions for summary judgment because issues of material fact existed. After hearing testimony and admitted evidence during petitioners' case-in-chief on relevant issues, the circuit court found that petitioners' document "differed from Ornick's offer in material matters and respects and did not evidence a meeting of the minds between the parties." For these reasons, this Court finds that the circuit court did not err in granting respondents' motion for judgment as a matter of law.

Next, petitioners argue that "[i]n light of the circumstances, the [c]ircuit [c]ourt's denial of [p]etitioners' motions to modify its judgment order or, alternatively, to grant a new trial constitutes an abuse of discretion likewise requiring reversal." The McCartney Respondents argue that there is no clear evidence that the circuit court abused its discretion. Respondents argue the issue is moot because petitioners' reliance on the "law of the case" doctrine should fail as a matter of law. We have held "[a] skeletal 'argument', really nothing more than an assertion, does not preserve a claim. . . ." *State, Dep't of Health & Human Res. v. Robert Morris N.,* 195

W.Va. 759, 765, 466 S.E.2d 827, 833 (1995). Thus, this Court declines to find an abuse of discretion.

For the foregoing reasons, the circuit court's January 31, 2012, order denying petitioners' motion to alter or amend judgment or, in the alternative, for a new trial is affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II